UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ELIZABETH SHEPPARD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0834 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 4 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

The plaintiff alleges that the defendants violated her due process and equal protection rights as guaranteed under the Fifth and Fourteenth Amendments, respectively, when they failed to process her disability benefits claim brought under the provisions of the District of Columbia Comprehensive Merit Personnel Act ("the Act"), D.C. CODE § 1-623.24. The defendants now move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), contending that the plaintiff's claim has already been adjudicated by the District of Columbia Court of Appeals. Because res judicata bars the plaintiff's claims, the court grants the defendants' motion.

## II. FACTUAL & PROCEDURAL BACKGROUND

In 1983, the plaintiff suffered a work-related injury while working for the government of the District of Columbia ("the District"). Compl. ¶ 12. The plaintiff continued to work for the District until July 1998, when her injury worsened. Defs.' Mot., Ex. 2 (Pl.'s Petition before the

District of Columbia Court of Appeals ("Pl.'s D.C. Pet.")) at 1.[1]  Soon thereafter, the plaintiff filed a claim for temporary total disability benefits with the District's Disability Compensation Program ("DCP"), which accepted the claim and began to pay benefits. *Id.*

In January 2006, the plaintiff's physician determined that her injury had reached the point of "maximum medical improvement" and that she had sustained a permanent impairment as a result of the injury. *Id.* The plaintiff immediately filed a claim for permanent partial disability benefits with the DCP ("the January 2006 claim"). Compl. ¶ 15.

At the time, the Act provided that within thirty days of the filing of a disability claim, the DCP must make findings of facts and decide whether to award payment of compensation to an applicant for disability benefits. D.C. CODE § 1-623.24(a) (2006). The DCP's failure to do so meant that the claim would automatically "be deemed accepted," with "payment of compensation [commencing] on the 31st day following the date the claim was filed." *Id.* § 1-623.24(a-3)(1) (2006). Thus, after thirty days passed without any decision by the DCP, the plaintiff sought an order from an Administrative Law Judge ("ALJ") declaring that her claim for permanent partial disability benefits was deemed accepted and automatically payable pursuant to § 1-623.24(a-3)(1). Pl.'s D.C. Pet. at 2.

The ALJ, however, denied the plaintiff's request for an order after concluding that § 1-623.24(a-3)(1) applied strictly to an initial claim for benefits and that given the plaintiff's

---

[1] Although the court accepts the facts as set forth in the plaintiff's complaint, *see Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (observing that "[w]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint") (internal citation omitted), the court also takes judicial notice of the decision by the Court of Appeals in *Sheppard v. D.C. Dep't of Emp't Servs.*, 993 A.2d 525 (D.C. 2010) (per curiam) and the plaintiff's petition to the Court of Appeals, attached as Exhibits 1 and 2, respectively, to the defendants' motion to dismiss, *see Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.").

2

previously submitted claim for temporary total disability benefits submitted by the plaintiff, the plaintiff's January 2006 claim was not an initial claim and the statutory provisions did not apply. *See* Notice (Jan. 14, 2011), ALJ's Order at 3-5. The plaintiff then filed an application for review with the Compensation Review Board ("CRB"), which affirmed the ALJ's decision. *See generally id.*, CRB Decision.

On May 5, 2009, the plaintiff petitioned the District of Columbia Court of Appeals for review of the CRB's decision, arguing, *inter alia*, that the CRB's application of § 1-623.24(a-3)(1) violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment.[2] Pl.'s D.C. Pet. at 17-22. More specifically, the plaintiff argued that the CRB's interpretation of § 1-623.24(a-3)(1) deprived her of due process because it allowed the DCP to avoid rendering a final decision on her permanent partial disability benefits claim. *Id.* at 19-20. The plaintiff averred that without an administrative decision by the CRB either accepting or denying her claim for benefits, she would never be able to seek judicial review of the merits of her disability benefits claim. *Id.* at 17; *see also* D.C. CODE § 1-623.24(a-4)(1) ("A claimant who disagrees with a *decision* of [the DCP] . . . shall have the right to request reconsideration of that *decision*") (emphasis added). The plaintiff also argued before the District of Columbia Court of Appeals that the CRB's interpretation of § 1-623.24(a-4)(1) violated the Equal Protection Clause by creating two categories of disability claims – those that the DCP decided on the merits and which therefore entitled a claimant to seek adjudicatory review, and those claims that the DCP did not

---

[2] The court notes that the plaintiff erroneously cited the Due Process Clause of the Fourteenth Amendment instead of the Fifth Amendment before the Court of Appeals. *See* Pl.'s D.C. Pet. at 17; *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954) (explaining that the Fifth Amendment governs due process claims in the District of Columbia because the Fourteenth Amendment applies only to the states). Because the Court of Appeals did not discuss the plaintiff's constitutional arguments, the error is, however, of no consequence.

3

decide, foreclosing any judicial review of the merits of the disability benefits claim. Pl.'s D.C. Pet. at 20.

Ultimately, the District of Columbia Court of Appeals affirmed the decision of the CRB, concluding that under § 1-623.24(a-3)(1) the DCP was not obligated to pay partial disability benefits to the plaintiff for her January 2006 claim solely because a decision had not been issued within the thirty-day time frame. *Sheppard v. D.C. Dep't of Emp't Servs.*, 993 A.2d 525, 528 (D.C. 2010) (per curiam). The court did not, however, address the plaintiff's constitutional claims.

In May 2010, the plaintiff commenced this action, arguing that the DCP's failure to process her January 2006 claim deprives her of access to judicial review and thus violates her due process and equal protection rights under the Fifth and Fourteenth Amendments. *See* Compl. ¶¶ 6, 7. The defendants have moved to dismiss the complaint, arguing that the doctrine of res judicata bars the plaintiff's claim. *See generally* Defs.' Mot. With the defendants' motion now ripe for consideration, the court turns to the parties' arguments and the applicable legal standards.

### III. ANALYSIS

#### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing Fed. R. Civ. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice

pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556).

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set

out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

### B. Legal Standard for Res Judicata

"The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants. *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). In making that determination, courts look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted).

In short, "claim preclusion forecloses all that which might have been litigated previously," *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949, while issue preclusion "prevents the relitigation of any issue that was raised and decided in a prior action," *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

### C. The Court Grants the Defendants' Motion to Dismiss

In their motion to dismiss, the defendants assert that the plaintiff's claims are nearly identical to the claims she previously asserted in her action before the District of Columbia Court of Appeals. *See generally* Defs.' Mot. The defendants contend that that court's silence regarding the plaintiff's constitutional arguments amounts to an implicit rejection of those arguments. *Id*. at 4-5. They argue that because the District of Columbia Court of Appeals

7

disposed of that action on the merits, the doctrine of claim preclusion requires dismissal of the plaintiff's claims before this court.[3] *Id.* at 4-5.

The plaintiff does not dispute that now before this court are nearly identical claims to those she asserted before the District of Columbia Court of Appeals. Pl.'s Opp'n at 2-3. Rather, the plaintiff argues that her claims are not precluded because the decision by the District of Columbia Court of Appeals did not address the plaintiff's constitutional arguments. *Id.* at 3. More specifically, the plaintiff submits that because the District of Columbia Court of Appeals remained silent on her due process and equal protection arguments, its opinion does not constitute a judgment on the merits.[4] *Id.* at 2-3.

---

[3] Res judicata may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim when the defense appears on the face of the complaint and any materials of which the court may take judicial notice. *See* 18 FED. PRAC. & PROC. § 4405 n.32.

[4] The plaintiff asserts that the District of Columbia Court of Appeals was not required to address her constitutional arguments because those arguments were "neither necessarily nor properly" before that court. Pl.'s Opp'n at 2. In raising that contention, the plaintiff argues an element of issue preclusion, as opposed to claim preclusion. *See Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) ("[O]nce a court has decided an issue of fact or law *necessary to its judgment*, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added))). Because the court determines that the plaintiff's claim is barred by claim preclusion, which does not require that an argument be necessary or proper when raised in the first instance, the plaintiff's contention that her constitutional claims were not necessarily or properly before the District of Columbia Court of Appeals is inconsequential to the court's decision.

Courts in the District of Columbia[5] use a three-part test in determining the applicability of claim preclusion: "(1) whether the claim was adjudicated finally in the first action; (2) whether the present claim is the same as the claim which was raised or which might have been raised in the prior proceeding; and (3) whether the party against whom the plea is asserted was a party or in privity with a party in the prior case." *Youngin's Auto Body v. Dist. of Columbia*, 711 F. Supp. 2d 72, 78 (D.D.C. 2010) (quoting *Patton v. Klein*, 746 A.2d 866, 869-70 (D.C. 1999)); *Smith v. Dist. of Columbia*, 629 F. Supp. 2d 53, 58 (D.D.C. 2009).

---

[5] The court applies the law of the District of Columbia in resolving the defendants' motion because the Full Faith and Credit Act requires federal courts to give state court judgments the same preclusive effect as would courts of that state. *See* 28 U.S.C. § 1738 (providing that authenticated judgments "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken"); *Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996). Accordingly, this court must give preclusive effect to final determinations of the District of Columbia Court of Appeals so long as the party precluded from relitigating received a full and fair opportunity to be heard. *See Synon Church v. United States*, 820 F.2d 421, 428 (D.C. Cir. 1987) (giving issue preclusive effect to a D.C. Superior Court decision); *Mahaffey v. Bechtel Assocs. Prof'l Corp.*, 699 F.2d 545, 547 (D.C. Cir. 1983) (remanding to the district court with direction to stay pending the outcome of the appeal to the District of Columbia Court of Appeals, noting that "[i]f the Superior Court's disposition is affirmed on appeal . . . the local judgment will preclude any further pursuit of the [federal claims]").

As a threshold matter, the parties do not dispute that the parties in this action are identical to the parties in the action before the District of Columbia Court of Appeals.[6] Similarly, the parties do not contest that the claim here shares the same nucleus of facts as the claim asserted in the District of Columbia Court of Appeals: namely, the District's failure to process the plaintiff's January 2006 claim for permanent partial disability benefits. *Drake*, 291 F.3d at 66; Compl. ¶¶ 15-16; Pl.'s D.C. Pet. at 1-2. Finally, the plaintiff acknowledges that she raised both the due process and equal protection arguments in the proceeding before the District of Columbia Court of Appeals. Pl.'s Opp'n at 2-3 (explaining that the "due-process and equal protection arguments suggested by Plaintiff before the [District of Columbia Court of Appeals]" constituted "an invitation for the [D.C. Court of Appeals] to consider the issues"). Accordingly, the court turns its attention to the only element of claim preclusion in dispute – whether the plaintiff's constitutional claims were adjudicated finally by the District of Columbia Court of Appeals.

A judgment on the merits is one that "reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968) (internal citations omitted); *see also*

---

[6] In the District of Columbia Court of Appeals, the plaintiff named the D.C. Department of Employment Services ("DOES") as the respondent, *see generally Sheppard*, 993 A.2d 525, while the District of Columbia and Mayor Fenty are named as defendants in this action, *see generally* Compl. The defendant correctly notes, however, that DOES is *non sui juris* and an action against it is therefore construed as an action against the District. *McConnell v. DOES*, 1993 WL 433595, at *1 n.1 (D.D.C. Oct. 6, 1993). Similarly, the plaintiff's claims against the Mayor of the District of Columbia in his official capacity are construed as claims against the District itself. *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself."). The plaintiff does not dispute that the parties are thus identical or in privity for purposes of claim preclusion. *See generally* Pl.'s Opp'n. The court, therefore, construes the plaintiff's silence as conceding the issue. *See CSX Transp. v. Commercial Union Ins. Co.*, 82 F.3d 478, 482 (D.C. Cir. 1996) (providing that a district court may find that a party's "half-hearted" response to an argument constitutes a waiver of the issue); *Bonaccorsy v. Dist. of Columbia*, 685 F. Supp. 2d 18, 24 (D.D.C. 2010) ("[A]s [plaintiff] has neither rebutted nor addressed D.C.'s argument to the contrary, she has waived or conceded the issue.").

*Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004) (noting the judicial goal of "deciding cases on their merits, as opposed to procedural mishaps dictating the outcome"). The fact that a previous proceeding in the state court does not address a claimant's particular argument does not prevent the application of claim preclusion. *See Hornback v. United States*, 85 F. App'x 758, 762 (Fed. Cir. 2004) (determining that the plaintiff's claim was barred in a second action despite the fact that the first court's judgment did not address one of the plaintiff's particular arguments, noting that "[e]ven if the [first court] did not expressly address that particular argument in its opinion, it was still a part of the same claim that the court adjudicated and dismissed on the merits"); *Pittman v. Mich. Corrs. Org.*, 123 F. App'x 637, 640 (6th Cir. 2005) (holding that a defendant was precluded from raising constitutional claims in its federal action which were raised but never reached in an earlier state proceeding and observing that "[the defendant] cites no authority, and we have found none, for his assertion that the state court's failure to address individually each of his issues means that they were 'not decided' for purposes of res judicata"); 18A FED. PRAC. & PROC. § 4435 (observing that even a judgment that fails to discuss all aspects of a ruling may have a preclusive effect).

The District of Columbia Court of Appeals affirmed the CRB's decision that the plaintiff's claim for disability benefits was not eligible for payment because it had not yet been "deemed accepted." *Sheppard*, 993 A.2d at 528. In so ruling, the court evaluated the relevant provisions of the D.C. Code and the decisions of the ALJ and CRB to determine that the plaintiff's January 2006 claim should not have been deemed accepted under D.C. Code § 1-623.24(a-3)(1). *Id.* Although the court never reached any discussion of the constitutional arguments, *see generally id.*, the court's decision not to address the plaintiff's constitutional arguments does not indicate that it did not consider these arguments in adjudicating the merits of

11

her case, *see Clemons v. Miss.*, 494 U.S. 738, 747 n.3 (1990) (observing that the court's refusal to address an argument constitutes an implicit rejection of those arguments); *see also Savage v. Hadlock*, 296 F.2d 417, 419 (D.C. Cir. 1961) (concluding that the district court's ruling in favor of the plaintiff constituted an "implicit rejection" of the defendant's argument where the defendant actually raised the argument before the court and "[t]he issue was clearly presented and all the relevant papers were before that court").

Because the decision of the District of Columbia Court of Appeals addressed the merits of the case, it constitutes a judgment on the merits that bars the instant claim. Accordingly, the plaintiff is barred by the doctrine of claim preclusion from relitigating her claim in this court.[7]

### IV. CONCLUSION

For the foregoing reasons, the court grants the defendants' motion to dismiss. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 22nd day of February, 2011.

RICARDO M. URBINA
United States District Judge

---

[7] The court observes that the plaintiff does not argue, nor does the record indicate, that she was deprived a full and fair opportunity to litigate her claim before the District of Columbia Court of Appeals. *See Smith v. Dist. of Columbia,* 629 F. Supp. 2d 53, 57-58 (D.D.C. 2009) ("[A] federal court can refuse to grant preclusive effect to a state court judgment if the plaintiff was denied a full and fair opportunity to litigate in state court." (citing *Allen*, 449 U.S. at 101; *Kremer v. Chem. Const. Corp*, 456 U.S. 461, 481 n.22 (1982))).