UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ELIZABETH SHEPPARD, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 10-0834 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 10 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

# MEMORANDUM OPINION

### DENYING THE PLAINTIFF'S MOTION FOR RELIEF UPON RECONSIDERATION

## I. INTRODUCTION

The plaintiff alleges that the defendants violated her due process and her equal protection rights by failing to process her claim for disability benefits pursuant to D.C. Code § 1-623.24(a-3)(1). The court previously granted the defendants' motion to dismiss after determining that the plaintiff's claims were precluded under the doctrine of res judicata. The matter returns before the court on the plaintiff's motion for relief upon reconsideration of the court's order dismissing her action.[1] Because the plaintiff has not persuaded the court that it erred in dismissing the case, the court denies her motion.

---

[1] Although the plaintiff brings her motion for relief upon reconsideration pursuant to both Federal Rule of Civil Procedure 59(e) and 60(b), Pl.'s Mot. at 1, the court limits its analysis to Rule 59(e) because the plaintiff filed this motion within twenty-eight days of the order dismissing her case. *See Sec. & Exch. Comm'n v. Bilzerian*, 729 F. Supp. 2d 9, 12 (D.D.C. 2010) ("If a person files a motion for reconsideration within twenty-eight days of the judgment or order of which he complains, courts consider it a Rule 59(e) motion; otherwise, they treat it as a Rule 60(b) motion.").

## II. FACTUAL & PROCEDURAL BACKGROUND[2]

In January 2006, the plaintiff filed a claim for permanent partial disability benefits with the Disability Compensation Program ("DCP") of the District of Columbia. Compl. ¶¶ 12, 15. As a general matter, the DCP was, at the time, statutorily required to determine whether to award a payment of compensation within thirty days of the filing of a disability claim. D.C. CODE § 1-623.24(a-3)(1) (2006). The DCP's failure to make such a determination resulted in the claim's automatic acceptance with "payment of compensation [commencing] on the 31st day following the date the [disability] claim was filed." *Id.*

The plaintiff filed a disability claim with the DCP on January 25, 2006. Compl. ¶ 15. After thirty days elapsed without either a decision by the defendant or an automatic acceptance of her claim, the plaintiff sought an order from an Administrative Law Judge ("ALJ") declaring that the DCP had accepted her disability claim pursuant to D.C. Code § 1-623.24(a-3)(1). Defs.' Mot. to Dismiss, Ex. 2 (Pl.'s Pet. to the District of Columbia Court of Appeals ("Pl.'s D.C. Pet.")) at 2. The ALJ determined that D.C. Code § 1-623.24(a-3)(1) did not apply to the plaintiff's claim because that provision applied only to an applicant's "initial claim" for disability benefits. *See* Notice (Jan. 14, 2011), ALJ's Order at 3-5. According to the ALJ, the plaintiff's claim was not an initial claim because she had filed previous claims for benefits arising from the same injury. *See id.* The plaintiff appealed to the Compensation Review Board ("CRB"), which affirmed the ALJ's ruling. *See generally id.*, CRB Decision.

The plaintiff appealed the CRB's decision to the District of Columbia Court of Appeals, arguing, *inter alia*, that the defendants' failure to render a decision on her claim violated her due

---

[2] On February 22, 2011, the court issued a memorandum opinion setting forth in greater detail the factual and procedural background of this case. *Sheppard v. Dist. of Columbia*, 2011 WL 710211, at *1-2 (D.D.C. Feb. 22, 2011). For convenience, the court briefly restates the relevant background here.

process and equal protection rights. Pl.'s D.C. Pet. at 17-22. The District of Columbia Court of Appeals affirmed the decision of the CRB without addressing the plaintiff's constitutional claims. *See generally Sheppard v. D.C. Dep't of Emp't Servs.,* 993 A.2d 525 (D.C. 2010) (per curiam).

The plaintiff subsequently commenced this action, claiming that the defendants violated her due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments, respectively. Compl. ¶¶ 6-7. In June 2010, the defendants filed a motion to dismiss, arguing that the plaintiff's claims were barred under the doctrine of res judicata. Defs.' Mot. to Dismiss at 3. The court granted the defendants' motion on February 22, 2011, holding that the plaintiff's claims were precluded by res judicata because she had previously asserted the same claim in a case involving the same parties before the District of Columbia Court of Appeals,[3] and for which that court issued a valid, final judgment on the merits. *Sheppard v. Dist. of Columbia*, 2011 WL 710211, at *5-6 (D.D.C. Feb. 22, 2011).

---

[3] In the District of Columbia Court of Appeals, the plaintiff named the D.C. Department of Employment Services ("DOES") as the respondent, *see generally Sheppard v. D.C. Dep't of Emp't Servs.,* 993 A.2d 525 (D.C. 2010), whereas the named defendants in this action are the District of Columbia and Mayor Adrian Fenty, *see generally* Compl. The defendant correctly notes, however, that DOES is *non sui juris*, and an action against it is therefore construed as an action against the District of Columbia. *See McConnell v. D.C. Dep't of Emp't Servs.*, 1993 WL 433595, at *1 n.1 (D.D.C. Oct. 6, 1993). Similarly, the plaintiff's claims against the Mayor of the District of Columbia in his official capacity are construed as claims against the District itself. *Atchinson v. Dist. of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself."). The plaintiff does not dispute that the parties are identical or in privity for purposes of claim preclusion. *See generally* Pl.'s Opp'n; *see also Smith v. Dist. of Columbia*, 629 F. Supp. 2d 53, 58 (D.D.C. 2009) (noting that one element of claim preclusion is "whether the party against whom the plea is asserted was a party or in privity with a party in the prior case" (quoting *Patton v. Klein*, 746 A.2d 866, 869 (D.C. 1999))). Accordingly, the court concludes that the plaintiff's actions before the District of Columbia Court of Appeals and this court involve the same parties for purposes of res judicata. *See Bonaccorsy v. Dist. of Columbia*, 685 F. Supp. 2d 18, 24 (D.D.C. 2010) ("[A]s [plaintiff] has neither rebutted nor addressed D.C.'s argument to the contrary, she has waived or conceded the issue.").

On February 25, 2011, the plaintiff filed this motion for relief upon reconsideration of the court's February 2011 ruling. *See generally* Pl.'s Mot. With the motion now ripe for adjudication, the court turns to the applicable legal standards and the parties' arguments.

## III. ANALYSIS

### A. Legal Standard for a Rule 59(e) Motion

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of the judgment at issue. FED. R. CIV. P. 59(e). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

**B. The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration**

The plaintiff contends that claim preclusion does not apply to her action because the claim before the District of Columbia Court of Appeals and this court are not identical.[4] Pl.'s Mot. at 4. The plaintiff argues that in the action before the District of Columbia Court of Appeals, she alleged that she had been "deprived [] of due process and equal protection of the law because of what *could* result" from the defendants' failure to process her claim, while "in the instant action, [the p]laintiff contends that the [defendants'] failure to process her [disability benefits claim] *has* resulted in an unconstitutional delay [in] processing her claim and decidedly disparate treatment." *Id*. at 3-4. In other words, the plaintiff asserts that "[t]he essential factual difference between [her] prior claims and her present claims is the passage of time." *Id*. at 4. Due to these "factual" differences between the two claims, the plaintiff contends that the court's ruling that her claim was barred under res judicata was a "manifest injustice." *Id*. at 3.

The defendants assert that the plaintiff's argument must be rejected because it is raised for the first time in her motion for reconsideration. Defs.' Opp'n. at 1. The defendants further argue that notwithstanding the plaintiff's current argument, the plaintiff previously conceded that the claims raised before the District of Columbia Court of Appeals are identical to those brought before this court. *Id.* at 2. Finally, the defendants argue that the mere passage of time between the plaintiff's claims in the District of Columbia Court of Appeals and the claims asserted here does not "resuscitate" her claims. *Id.* at 3.

As a preliminary matter, the court notes that the plaintiff argues for the first time in her motion for reconsideration that there are factual differences between her claims in this court and

---

[4] In moving for reconsideration, the plaintiff states that she originally interpreted the defendants' motion to dismiss as solely arguing issue preclusion, rather than both issue preclusion and claim preclusion. Pl.'s Mot. at 2 n.1 (stating that "that [the plaintiff] construed Defendant's motion too narrowly as raising solely a question of issue preclusion").

those brought before the District of Columbia Court of Appeals. *See* Pl.'s Opp'n at 3. In her opposition to the defendants' motion to dismiss, the plaintiff argued only that res judicata did not bar her claims because the District of Columbia Court of Appeals "did not dispose of [her] due-process and equal-protection arguments on the merits." Pl.'s Opp'n at 3. Although the plaintiff had ample opportunity to point out differences between the two sets of claims in her opposition to the defendants' motion to dismiss, she failed to do so. *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (affirming the district court's refusal to vacate its judgment pursuant to a Rule 59(e) motion because the party's argument could have been raised earlier); *Kattan*, 995 F.2d at 276 ("Ordinarily Rule 59 motions . . . are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised during the original proceedings."); *see also Davis v. Dist. of Columbia*, 2011 WL 611814, at *2-3 (D.C. Cir. Feb. 15, 2011) (holding that manifest injustice did not result upon a denial of a Rule 59 motion where the party had "ample opportunities . . . to timely produce additional evidence"). The court declines to revisit its earlier ruling on the basis of an argument that could have been raised in response to the defendants' motion to dismiss.

Moreover, even if the plaintiff had properly asserted this argument in the first instance, it would not have persuaded the court to reach a different result. "The doctrine of res judicata prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.

6

*NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). In making that determination, courts look at "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (quoting Restatement (Second) of Judgments § 24(2) (1982)).

Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94). Issue preclusion applies if three criteria are met: (1) if in the prior litigation, the issue was "actually litigated, that is, contested by the parties and submitted for determination by the court;" (2) if the prior litigation was "actually and necessarily determined by a court of competent jurisdiction;" and (3) if "preclusion in the second trial [does] not work an unfairness." *Otherson v. Dep't of Justice*, 711 F.2d 267, 273 (D.C. Cir. 1983) (citations omitted).

In short, "claim preclusion forecloses all that which might have been litigated previously," *I.A.M. Nat'l Pension Fund*, 723 F.2d at 949, while issue preclusion "prevents the

7

relitigation of any issue that was raised and decided in a prior action," *Novak*, 703 F.2d at 1309. In this way, res judicata helps "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and [] prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander*, 655 F.2d 1281, 1288 (D.C. Cir. 1981); *see also Allen*, 449 U.S. at 94.

In her petition to the District of Columbia Court of Appeals, the plaintiff alleged that on January 25, 2006, she made a claim for permanent partial disability benefits on which the defendant failed to issue a decision. Pl.'s D.C. Pet. at 4. She argued that the CRB's interpretation and application of D.C. Code § 1-623.24(a-3)(1) deprived her of access to the CRB's adjudicatory procedures in violation of her due process and equal protection rights. *Id.* at 17-22. The plaintiff noted that more than three years had elapsed since she applied for permanent partial disability benefits and that during that time, she had been experiencing adverse effects due to "the ongoing and arbitrary delay" in processing her application. *Id.* at 19.

In this action, the plaintiff alleges identical facts – namely, that on January 25, 2006, she made a claim for permanent partial disability benefits and that the defendant subsequently failed to process her claim, depriving her of due process and equal protection of the law. Compl. ¶¶ 15-16, 20. Because the plaintiff's claims before the District of Columbia Court of Appeals and the claims asserted before this court share the same nucleus of facts, the court concludes that they are identical claims for purposes of claim preclusion. *Drake*, 291 F.3d at 66.

The similarity in the factual allegations of the plaintiff's claims is not diminished by the passage of time between the judgment of the District of Columbia Court of Appeals and the
8

filing of the complaint in this case.[5] *See* Pl.'s Mot. at 4. The pertinent events underlying both sets of claims – that the plaintiff filed a claim for partial permanent disability benefits and the defendants did not process that claim – had occurred prior to the commencement of the plaintiff's action in the District of Columbia Court of Appeals. Pl.'s D.C. Pet. at 4. Nor does it appear that any material intervening event transpired since the time that she received a judgment from the District of Columbia Court of Appeals. *Cf. Stanton*, 127 F.3d at 78 ("Federal law is clear that post-judgment *events* give rise to new claims, so that claim preclusion is no bar."). *See* Pl.'s D.C. Pet. at 4. On the contrary, the plaintiff alleges that the defendants have continuously refused to take action from the time of her application for disability benefits in January 2006. Pl.'s Mot. at 4 (noting the "more than five year ongoing delay processing her claim").

In sum, the plaintiff previously had the opportunity but failed to argue that her claims before this court were different than those adjudicated in the District of Columbia Court of Appeals. Additionally, the facts underlying her petition to the District of Columbia Court of Appeals appear to be the same facts on which her current claims are premised. Accordingly, the court denies the plaintiff relief upon reconsideration of its previous order dismissing the complaint under the doctrine of res judicata.

---

[5] The plaintiff appears to argue that the relevant timeframe in which a factual difference developed is the time between the filing of her administrative petition and the filing of her case in this court. *See* Pl.'s Mot. at 4. The court notes, however, that it is the time between the *judgment* of the District of Columbia Court of Appeals and the filing of this case that is relevant. *See Stanton*, 127 F.3d at 78-79 (observing that post-judgment events give rise to new claims based on identical conduct and similarly, each successive enforcement of a statute creates a new cause of action).

## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief upon reconsideration.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of June, 2011.

RICARDO M. URBINA  
United States District Judge